# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**COMMUNICARE, LLC**
**d/b/a GREENBRIAR HEALTHCARE**
**CENTER, as authorized representative**
**of DENISE GARNER,**

        **Plaintiff,**

  v.                                     **Case No.: 2:17–cv–79**
                                                **JUDGE GEORGE C. SMITH**
                                                **Magistrate Judge Vascura**

**CYNTHIA C. DUNGEY**, *et al*.**,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon Defendants Cynthia Dungey and Barbara Sears' Motions to Dismiss (Docs. 12 and 13). Plaintiff responded in opposition (Doc. 14) and Defendants replied in support of their motions (Docs. 17, 18, and 19). Additionally, both parties have submitted supplemental authority in support of their respective positions. These matters are now ripe for review. For the following reasons, Defendants' Motions to Dismiss are **GRANTED**.

## I. BACKGROUND

This lawsuit generally involves the obligations of the Ohio Department of Medicaid under the Social Security Act and Federal Medicaid Regulations. Specifically, Plaintiff Denise Garner applied for Medicaid in early 2016, but it was denied. Plaintiff is now attempting to challenge the denial of Ms. Garner's Medicaid application on the grounds that it violates various portions of the Medicaid Act, Title II of the Americans with Disabilities Act, and § 504 of the Rehabilitation Act of 1973.

### A. The Parties

Plaintiff Denise Garner ("Garner" or "Plaintiff") receives 24-hour long term nursing care services provided by CommuniCare, LLC, d/b/a Greenbriar Healthcare Center ("CommuniCare"), and is a beneficiary of Ohio Medicaid benefits. (Doc. 1, Compl. at ¶ 1). Plaintiff has appointed CommuniCare as her authorized representative to bring the instant suit on her behalf. CommuniCare is a limited liability company organized under the laws of the State of Ohio, and owns and operates Greenbriar Healthcare Center, a skilled nursing facility located at 8064 South Ave., #1, Boardman, Ohio 44512. (*Id*.).

At the time of the filing of this lawsuit, Plaintiff named Defendant John McCarthy, as he was the Director of the Ohio Department of Medicaid ("ODM"). However, the new director is Barbara Sears and she is automatically substituted for Mr. McCarthy pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. ODM is the single state agency charged with responsibility for administering and supervising Ohio's Medicaid program. (*Id*. at ¶ 2). At all times material to this Complaint, Defendant Sears acted under color of state law in administering the regulations, customs, policies, and practices material herein. She is sued in her official capacity only. (*Id*.). The Defendant Cynthia C. Dungey is the Director of the Ohio Department of Job and Family Services ("ODJFS"), which is the state agency which processed Ms. Garner's Medicaid Application. At all times material to this Complaint, Defendant Dungey acted under color of state law in administering the regulations, customs, policies, and practices material herein. She is sued in her official capacity only. (*Id*. at ¶ 3).

### B. Medicaid Generally

Medicaid is a joint federal and state program whereby participating states receive federal financial assistance, and the states must follow the requirements of 42 U.S.C. § 1396a(a), the

2

Medicaid Act and its rules and regulations. Medicaid provides health care benefits to qualifying low-income individuals. The type of Medicaid at issue in this case is Medicaid for the aged, blind, and disabled ("ABD Medicaid"). (Doc. 1, Compl. ¶¶ 8–9). In order to be eligible for nursing home coverage through ABD Medicaid for the time period in question, an applicant had to show that she had less than $1,500 in countable resources and met other eligibility criteria. *See, e.g.,* Ohio Admin. Code 5160:1-3-405.1(B)(10) (2016);2 5160:1-3-03.1 (outline of certain income standards); 5160:1-3-07.2 (restrictions on eligibility due to property transfers).

**C.     Ms. Garner's Medicaid Application**

Ms. Garner is a resident of Ohio who suffers from numerous medical conditions that require her twenty-four (24) hour care and assistance. She is insolvent and in need of Medicaid benefits to pay for her care and assistance at CommuniCare, where she was admitted to receive long-term care and nursing services on October 14, 2015. (Doc. 1, Compl. ¶¶ 1–12). On January 25, 2016, Garner submitted an application for Medicaid benefits. (*Id*. at ¶ 13). Ms. Garner is incapable of caring for herself, engaging in daily routines and activities, and managing her own affairs as a result of a stroke. She also lacks the mental and physical capacity to act on her own behalf and relies on her daughter Amy Zeigler, who is Ms. Garner's Power of Attorney. (*Id*. at ¶¶ 14, 16).

In April of 2016, CommuniCare was unable to reach Ms. Ziegler and she refused to respond to any communications. Additionally, she failed to provide documents as requested for Ms. Garner's Medicaid application. (*Id*. at ¶¶ 15–17). Counsel for CommuniCare then initiated court proceedings to have one of their representatives be appointed as the guardian for Ms. Garner. (*Id*. at ¶ 19). On April 6, 2016, Defendants denied Garner's Medicaid application due to

3

requested information and/or documents not being submitted to Defendants pertaining to Ms. Garner. (*Id*. at ¶ 20).

Plaintiff asserts that because Ms. Garner did not have a power of attorney acting on her behalf, nor a court-appointed guardian, then pursuant to Ohio Administrative Code section 5160:1-2-01(F)(5)(b)(i), the county was required to do the following:

> Refer the individual's case to the administrative agency's legal counsel and request counsel evaluate whether the matter should be referred to the probate court, adult protective services, or another entity deemed by the administrative agency's legal counsel to be appropriate.

(*Id*. at ¶ 24–25).

Plaintiff initiated this case on January 26, 2017, alleging Defendants have failed to comply with federal law and regulations regarding Garner's Medicaid benefits, including violations of the Medicaid Act, the equal protection and due process clauses of the Fourteenth Amendment, Title II of the Americans with Disabilities Act, and the Rehabilitation Act of 1973.

## II. STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Southwest Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading," and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990)). To survive a facial attack, the complaint must contain a short and plain

4

statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Id.* (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). The plaintiff has the burden of establishing jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

Defendants also bring their motions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted.

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the

plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiffs every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

Defendants Cynthia Dungey and Barbara Sears have both moved to dismiss all of Plaintiff's claims against them for lack of subject matter jurisdiction, specifically, lack of standing, and alternatively, for failure to state a claim upon which relief may be granted. The Court will address the arguments of the parties in turn.

**A.     Standing**

Defendants argue that CommuniCare lacks standing to sue on Ms. Garner's behalf for three reasons: 1) Ms. Garner lacked the capacity to give CommuniCare the right to sue on her behalf; 2) the Complaint does not allege facts that CommuniCare is authorized to sue on Ms. Garner's behalf; and 3) CommuniCare's status as Mr. Garner's Medicaid "authorized representative" does not give it the right to file an original action on Ms. Garner's behalf. (Doc. 12, Def. Sears' Mot. to Dismiss at 8).

Pursuant to Article III of the United States Constitution, federal jurisdiction is limited to "cases" and "controversies," and standing is "an essential and unchanging part of" this requirement. U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A federal court must not go "beyond the bounds of authorized judicial action and thus offend[] fundamental principles of separation of powers." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). If the plaintiff lacks standing, the federal court lacks jurisdiction. Thus, standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Id.*

Standing under Article III has three elements. "First, the plaintiff must have suffered an 'injury in fact'–an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal citations and quotation marks omitted). Second, the injury must be "fairly traceable to the challenged action of the defendant." *Id.* (internal alterations omitted). Third, it must be likely that the injury will be "redressed by a favorable decision." *Id.* at 561. The burden is on the party invoking federal jurisdiction to demonstrate Article III standing. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008). Last, each element of standing must be supported with the "manner and degree of evidence required at the successive stages of litigation." *Lujan*, 504 U.S. at 561.

For an injury to be cognizable under current standing doctrine, it must be particularized meaning it "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U. S. ____, 7, 136 S.Ct. 1540 (2016) (internal quotations omitted). Additionally, the injury must be concrete, meaning it must actually exist and must be real and not abstract. *Id.* at 8 (quoting

Webster's Third New Int'l Dictionary 472 (1971); Random House Dictionary of the English Language 305 (1967)). However, the injury need not necessarily be tangible. *Id.* at 8–9 (citing *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009) (free speech); *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520 (1993) (free exercise)). Congress may "elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law." *Id.* at 9 (quoting *Lujan*, 504 U.S., at 578). However, this "does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* Specifically, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* at 9–10.

### 1. Capacity to give CommuniCare authority to sue

Defendants argue that Ms. Garner lacked the capacity to act on her own behalf to appoint CommuniCare as her authorized representative. The Complaint states "[a]t all times relevant hereto, Garner lacked mental and physical capacity to act on her own behalf. Garner suffered from a stroke which resulted in Garner being incapable of caring for herself, engaging in daily routines and activities, and managing her own affairs." (Doc. 1, Compl. ¶ 16).

Plaintiff responds that a psychologist evaluated Ms. Garner and opined that

> This patient had a cerebral infarction and has cerebrovascular disease. She also suffers from depression. She has poor short term and long term memory deficits. Due to these deficits, this patient is unable to manage her own affairs and would benefit from the help of a guardian.

(Doc. 14-1, Dr. Martin Evaluation).

Plaintiff argues that despite the conclusion that Ms. Garner would benefit from the help of a guardian to help manage her affairs, she has not been found to be incompetent. The Court agrees that there is no evidence that Plaintiff was incompetent or incapable (physically or

mentally) of appointing someone to help manage her affairs. Therefore, Plaintiff did not lack the capacity to be able to appoint someone to represent her interests. She in fact did that when she chose her daughter to be her Power of Attorney.

### 2. Sufficiency of Complaint

Defendants also argue that the Complaint does not sufficiently allege facts establishing that CommuniCare is authorized to sue on Ms. Garner's behalf. The Complaint states that "Plaintiff has appointed CommuniCare as her authorized representative to bring the instant suit on her behalf." (Doc. 1, Compl. ¶ 1). Defendants also argue that there are no facts establishing how, or when, CommuniCare was appointed as her authorized representative, nor were any documents attached establishing such authority.

In response to this argument, Plaintiff has attached a form entitled "Designation of Authorized Representative" to its Memorandum in Opposition to Defendants' Motion to Dismiss. (*See* Doc. 14-2). Plaintiff is correct that this form does state "I understand and agree that any legal proceedings in regards to my Medicaid eligibility may be pursued either in my name or in the name of the facility." (*Id*.). However, neither the cover letter, nor the Designation of Authorized Representative form are dated. Defendants argue, and the Court agrees, that Plaintiff has not met its burden of establishing standing because there is no evidence that Ms. Garner had appointed CommuniCare as her authorized representative at the time this lawsuit was filed. *See Midwest Media Property, LLC v. Symmes Twp.*, 503 F.3d 456, 461 (6th Cir. 2007) (plaintiff bears the burden of establishing standing).

### 3. Medicaid "authorized representative"

Based on the aforementioned, the Court finds that Plaintiff has failed to establish that it had the authority to bring this lawsuit at the time of filing because the Designation of Authorized

Representative form was not dated. Further, there are no other allegations by Plaintiff as to when she designated CommuniCare as her Authorized Representative. Because the Court finds that Plaintiff has failed to sufficiently establish standing to bring this case on behalf of Ms. Garner, the Court need not address Defendants remaining challenges regarding the legalities of the Designation of Authorized Representative form, nor the arguments that Plaintiff has failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

Based on the foregoing, Defendants Sears and Dungey's Motions to Dismiss are **GRANTED**. The Clerk shall **REMOVE** Documents 12 and 13 from the Court's pending motions list. The Clerk shall enter final judgment in favor of Defendants and **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED.**

 */s/ George C. Smith*
 **GEORGE C. SMITH, JUDGE**
 **UNITED STATES DISTRICT COURT**